SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 1 4 2022

OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEIL SURESH CHANDRAN,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

4:22CR3077

INDICTMENT

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 2

MJ 22-02534

The Grand Jury Charges:

## INTRODUCTION

At times material herein:

### RELEVANT INDIVIDUALS AND ENTITIES

1.      Defendant NEIL SURESH CHANDRAN was a resident of Las Vegas, Nevada. CHANDRAN held himself out as the owner of a group of companies operated under the banner of ViRSE, which purported to develop virtual-world technologies, including its own cryptocurrency, for use in its metaverse. These companies included, but are not limited to, FreeVi Lab; Studio Vi, Inc.; ViDelivery, Inc.; ViMarket, Inc. ("ViMarket"); and Skalex USA Inc. (collectively, "the CHANDRAN companies"). CHANDRAN repeatedly claimed that one or more of the CHANDRAN companies was about to be purchased by a consortium of wealthy buyers and thereby yield his investors extremely high returns.

2.      Individual 1 was a resident of Palm City, Florida. Individual 1 marketed an investment opportunity with the CHANDRAN companies under the name "CoinDeal" or "Coin Deal" (hereinafter "CoinDeal") through a website in his own name. He collected investor funds for the CHANDRAN companies through various entities, including AEO Publishing, Inc.; Banner

Co-Op, Inc.; and BannersGo, LLC ("BannersGo"), and then transferred the funds to the CHANDRAN companies.

3.      Individual 2 was a resident of Lincoln, Nebraska, in the District of Nebraska. Individual 2 assisted Individual 1 in raising money for CoinDeal and by transferring investor money raised by Individual 1 to the CHANDRAN companies through his bank accounts and charges to credit cards in Individual 2's name that would be paid off with investor funds.

4.      Billionaire 1 was the founder and executive chairman of a large online retailing company. Billionaire 1 had no involvement with CHANDRAN, Individual 1, Individual 2, or the CHANDRAN companies.

5.      Billionaire 2 was the founder and CEO of an electric car company.  Billionaire 2 had no involvement with CHANDRAN, Individual 1, Individual 2, or the CHANDRAN companies.

## THE SCHEME AND ARTIFICE TO DEFRAUD

6.      Beginning in or around June 2018 and continuing through the present, the exact dates being unknown to the Grand Jury, in the District of Nebraska and elsewhere, CHANDRAN, along with others known and unknown to the Grand Jury, did voluntarily and intentionally, with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme and artifice to defraud, transmitted, and caused to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

7.      The purpose of the scheme was for CHANDRAN, and others known and unknown to the Grand Jury, to (a) unlawfully enrich themselves by obtaining funds from investors through false promises of extremely high returns; (b) conceal or cause to conceal from investors the true status of their investments and the likelihood that they would obtain the promised returns; and (c) conceal or cause to conceal from the investors the manner in which CHANDRAN and others were using investor funds.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

8.      The ways, manners, and means of the scheme and artifice to defraud included, but were not limited to, the following:

a.      CHANDRAN caused Individual 1 and Individual 2 to solicit funds from investors for the CHANDRAN companies based on the materially false and misleading promise and representation that their investments would soon yield extremely high returns when one or more of the CHANDRAN companies were purchased by a consortium of wealthy buyers ("the Transactions"), when in truth and in fact, there was no consortium about to purchase CHANDRAN's company or companies at an amount that would yield the promised returns.

b.      CHANDRAN made or caused Individual 1 and Individual 2 to make materially false and misleading representations to investors that their funds would be used for covering normal expenses enabling one or more of the CHANDRAN companies to continue operating until the Transactions closed and to show the supposed buyers that CHANDRAN's company or companies had sufficient "cash on hand" to be successful, when in truth and in fact, substantial amounts of investor funds were misappropriated to launch other business ventures and for the personal benefit of CHANDRAN and others, including the purchase of luxury cars and real estate.

3

c.   CHANDRAN caused Individual 1 and Individual 2 to make materially false and misleading representations regarding the involvement of prominent business figures, such as Billionaire 1 and Billionaire 2, in the Transactions, when in truth and in fact, such individuals had no involvement.

d.   CHANDRAN caused Individual 1 and Individual 2 to raise funds from investors on his behalf.   CHANDRAN provided materially false and misleading information about the Transactions' timeline and likely profitability to Individual 2, who then passed it along to Individual 1, who in turn disseminated it to current and prospective investors—at each step by interstate wire communications.   On at least one occasion, CHANDRAN joined a conference call with CoinDeal investors to give them false assurance that the Transactions would imminently close.

e.   Investors typically transferred funds to accounts under Individual 1's control or the control of Individual 1's relatives.   These transfers occurred primarily through credit cards, wire transfers, or virtual currency.   Funds were often then transferred to bank accounts under Individual 2's control before being distributed to the CHANDRAN companies.   At times, Individual 1 transferred investor funds directly from accounts he or his relatives controlled to the CHANDRAN companies.

f.   As a result of his scheme, CHANDRAN and his associates fraudulently obtained more than $45 million in fiat and virtual currency from more than 10,000 investors.

## COUNTS 1-3
### (Wire Fraud)

9.     Paragraphs 1 through 8, including all subparagraphs, of this Indictment are realleged and incorporated by reference as if fully set forth herein.

10.    On or about the dates set forth in the table below, within the District of Nebraska and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, Defendant NEIL SURESH CHANDRAN, aided, abetted, induced, counseled, and encouraged by others known and unknown to the Grand Jury, transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce the writings, signs, signals, pictures, and sounds set forth below:

| Count | Date | Description of Wire |
|-------|------|---------------------|
| 1 | 7/2/2019 | Email from CHANDRAN to Individual 2, routed into the District of Nebraska from outside the state of Nebraska, falsely stating that an $88,000 investment would correspond to a $2 trillion "bonus" return |
| 2 | 10/24/2020 | Conference call with an audience of investors and potential investors attended by CHANDRAN, Individual 1, and Individual 2, who was located in the District of Nebraska |
| 3 | 3/30/2021 | Electronic transfer of $50,000 from an account at JPMorgan Chase Bank, NA ending in 8639 in the name of BannersGo to Individual 2's account at First National Bank of Omaha ending in 5048 routed from outside the state of Nebraska into the District of Nebraska |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 4-5
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

11.    Paragraphs 1 through 8, including all subparagraphs, of this Indictment are realleged and incorporated by reference as if fully set forth herein.

12.    On or about the dates set forth in the table below, within the District of Nebraska and elsewhere, Defendant NEIL SURESH CHANDRAN knowingly engaged and attempted to

5

engage, and caused and aided and abetted others in engaging, in monetary transactions affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, each transaction constituting a separate count, as set forth below:

| Count | Date | Description of Monetary Transaction |
|-------|------|-------------------------------------|
| 4 | 6/01/2021 | Electronic transfer of $1,544,146.30 from account at JPMorgan Chase ending in 6531 in the name of ViMarket to title company for purchase of residence in Las Vegas |
| 5 | 10/15/2021 | Issuance of cashier's check in the amount of $900,000 within the District of Nebraska from Individual 2's account at Bank of the West ending in 0083, made out to an escrow company for the purchase of luxury condominium in Los Angeles |

All in violation of Title 18, United States Code, Sections 1957 & 2.

## FORFEITURE

The Grand Jury further finds that there is probable cause that the following assets are subject to forfeiture based on the allegations in this Indictment:

### Wire Fraud

1.      The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 as set forth in Counts One through Three of this Indictment, Defendant NEIL SURESH CHANDRAN shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property,

real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

a. All funds and assets on deposit in Account xxxx0976 at America First Credit Union, including, but not limited to $545,900;

b. All funds and assets on deposit in Account xxxx9542 at America First Credit Union, including, but not limited to $219,000;

c. All funds and assets on deposit in Account xxxxxxxx0676 at Bank of America, including, but not limited to $18,600;

d. All funds and assets on deposit in Account xxxxxxxx0689 at Bank of America, including, but not limited to $18,700;

e. All funds and assets on deposit in Account xxxxxxxx6772 at Bank of America, including, but not limited to $2,276,000;

f. All funds and assets on deposit in Account xxxxxxxx9847 at Bank of America, including, but not limited to $271,000;

g. All funds and assets on deposit in Account xxxxx0083 at Bank of the West, including, but not limited to $2,717,000;

h. All funds and assets on deposit in Account xxxxx8735 at Bank of the West, including, but not limited to $2,087,000;

i. All funds and assets on deposit in Account xxxxx9063 at Bank of the West, including, but not limited to $561,500;

j. All funds and assets on deposit in Account xxxxx1190 at Bridge Community Bank, including, but not limited to $53,000;

k.      All funds and assets on deposit in Account xxxxx2160 at Capital One, including, but not limited to $98,400.

l.      All funds and assets on deposit in Account xxxxxx2963 at Huntington National Bank, including, but not limited to $10,102,000;

m.      All funds at assets on deposit in Account xxxxxxx1611 at Huntington National Bank, including, but not limited to $6,034,000;

n.      All right, title, and interest in variable annuity account xxxxxx4504 at Jackson National Life Insurance Company, including but not limited to $200,000;

o.      All funds and assets on deposit in Account xxxxx8668 at JPMorgan Chase, including, but not limited to $269,000;

p.      All funds and assets on deposit in Account xxxxx2360 at JP Morgan Chase, including, but not limited to $600,000;

q.      All funds and assets on deposit in Account xxxxx5012 at JPMorgan Chase, including but not limited to $350,000;

r.      All funds and assets on deposit in Account xxxxxxx456-2 at Liberty First Credit Union, including but not limited to $51,200;

s.      All right, title, and interest in annuity account xxxxx2843 at MassMutual, including but not limited to $450,000;

t.      All funds and assets on deposit in Account xxxxxxx70-08 at Nevada Credit Union, including but not limited to $92,500;

u.      All funds and assets on deposit in Account xxxxx3703 at Pacific Premier Bank, including but not limited to $5,564,800;

v.      All funds and assets on deposit in Account xxxxxx1059 at Pacific Premier Bank, including but not limited to $650,000;

w.      All funds and assets on deposit in Account xxxxxx1686 at Seacoast National Bank, including but not limited to $299,980;

x.      All right, title, and interest in Account xxx-xx9574 a TD Ameritrade, including but not limited to $100,000;

y.      All funds and assets on deposit in Account xxxxx2403 at Wells Fargo, including but not limited to $102,000;

z.      All funds and assets on deposit in Account xxxxxx8040 at Wells Fargo, including but not limited to $2,444,000;

aa.     All funds and assets on deposit in Account xxxxxx5033 at Wells Fargo, including but not limited to $7,950;

bb.     All funds and assets on deposit in Account xxxxxx4312 at Wells Fargo, including but not limited to $192,000;

cc.     All right, title, and interest in the real property and appurtenances commonly known as 207 Mojave Lane, Henderson, Nevada 89015;

dd.     All right, title, and interest in the real property and appurtenances commonly known as 404 North Royal Ascot Drive, Las Vegas, Nevada 89144;

ee.     All right, title, and interest in the real property and appurtenances commonly known as 718 South Corrida Drive, Covina, California 91724;

ff.     All right, title, and interest in the real property and appurtenances commonly known as 78 Innisbrook Avenue, Las Vegas, NV 89113;

gg. All right, title, and interest in the real property and appurtenances commonly known as 9000 West Third Street #104, Los Angeles, California 90048;

hh. All right, title, and interest in a mobile home described as a Cavco Industries WDL-6628A model with serial numbers CAVAZL20510315X and CAVAZL20510315U, believed to be located at 1451 Parker Dam Road, #149, Parker Dam, California 92267;

ii. All right, title, and interest in a 2008 Roadtrek Adventurous with Vehicle Identification Number (VIN) WDYPE845675178064;

jj. All right, title, and interest in a Ferrari F12 with VIN undetermined;

kk. All right, title, and interest in a 2017 Land Rover Range Rover with VIN SALGS2FE0HA365994;

ll. All right, title, and interest in a 2018 Rolls Royce Wraith with VIN SCA665C55JUX86960;

mm. All right, title, and interest in a 2019 Ford F-150 with VIN 1FTEW1E55KKF32723;

nn. All right, title, and interest in a 2019 Ford F-250 with VIN 1FT7W2BT4KEF80083;

oo. All right, title, and interest in a 2019 Malibu 23LSV boat with Hull Identification Number MB2S2065C919 and accompanying trailer with VIN 59XBB2625KL003966;

pp. All right, title, and interest in a 2020 Porsche Taycan Turbo with VIN WP0AC2Y14LSA71220;

qq.    All right, title, and interest in a 2020 Tesla Model 3 with VIN 5YJ3E1EA6LF806811;

rr.    All right, title, and interest in a 2020 Tesla Model X with VIN 5YJXCDE45LF305573;

ss.    All right, title, and interest in a 2020 Tesla Model Y with VIN 5YJYGDEFXLF043320;

tt.    All right, title, and interest in a 2021 Audi E-Tron Quattro with VIN WA1VABGE2MB030413;

uu.    All right, title, and interest in a 2021 Audi E-Tron Sportback with VIN WA11AAGEXMB000732;

vv.    All right, title, and interest in a 2021 Ford Mustang Mach E with VIN 3FMTK3RM2MMA39654;

ww.    All right, title, and interest in a 2021 GMC Sierra 2500 HD with VIN 1GT49REYXMF224812;

xx.    All right, title, and interest in a 2021 Grand Design Momentum 21G Recreational Vehicle Travel Trailer with VIN 573TM2724M1213482;

yy.    All right, title, and interest in a 2021 Grand Design Momentum 31G Recreational Vehicle Travel Trailer with VIN 573TM3521M1213965;

zz.    All right, title, and interest in a 2021 Mercedes Benz GLC 300 with VIN W1N0J8EB2MF989128;

aaa.    All right, title, and interest in a 2021 Mercedes Benz GLE with VIN 4JGFD6BB1MA480206;

11

bbb.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EA5MF052818;

ccc.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EA5MF066704;

ddd.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB2MF010132;

eee.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB3MF035430;

fff.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB5MF872485;

ggg.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB5MF936587;

hhh.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB6MF035020;

iii.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EB9MF862977;

jjj.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EC2MF000936;

kkk.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EC3MF976112;

lll.   All right, title, and interest in a 2021 Tesla Model 3 with VIN 5YJ3E1EC9MF083345;

mmm. All right, title, and interest in a 2021 Tesla Model S with VIN 5YJSA1E43MF423380;

nnn. All right, title, and interest in a 2021 Tesla Model S with VIN 5YJSA1E65MF443731;

ooo. All right, title, and interest in a 2021 Tesla Model S with VIN 5YJSA1E66MF439848;

ppp. All right, title, and interest in a 2021 Tesla Model S with VIN 5YJSA1E69MF433767;

qqq. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGAEE0MF281247;

rrr. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGAEE1MF303434;

sss. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGAEE3MF286328;

ttt. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGAEE9MF189215;

uuu. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGAEE9MF283918;

vvv. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE2MF151780;

www. All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE2MF240314;

xxx.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE3MF111661;

yyy.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE3MF119677;

zzz.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE4MF139923;

aaaa.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE6MF271680;

bbbb.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEE9MF176837;

cccc.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEEXMF091814;

dddd.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEF2MF250737;

eeee.   All right, title, and interest in a 2021 Tesla Model Y with VIN 5YJYGDEF6MF294689;

ffff.   All right, title, and interest in a 2021 Volkswagen ID.4 with VIN WVGDMPE25MP020844;

gggg.   All right, title, and interest in a 2021 Volkswagen ID.4 with VIN WVGRMPE28MP042293;

hhhh.   All right, title, and interest in a 2021 Volvo XC40 with VIN YV4ED3UR9M2583339;

14

iiii.   All right, title, and interest in a 2021 Volvo XC40 with VIN YV4ED3URXM2565805;

jjjj.   All right, title, and interest in a 2022 Audi RS E-Tron with VIN WAUAHBFW4N7901047;

kkkk.   All right, title, and interest in a 2022 Can-Am Maverick Max X RS side-by-side vehicle with VIN 3JBVNAV45NE000666;

llll.   All right, title, and interest in a 2022 Chevrolet Bolt EUV with VIN 1G1FZ6S03N4107200;

mmmm.   All right, title, and interest in a 2022 Mini Cooper with VIN WMW13DJ04N2R35614;

nnnn.   All right, title, and interest in a 2022 Porsche Taycan Cross Turismo with VIN WP0BA2Y13NSA67236;

oooo.   All right, title, and interest in a 2022 Tesla Model 3 with VIN 5YJ3E1EB4NF137966;

pppp.   All right, title, and interest in a 2022 Tesla Model S with VIN 5YJSA1E62NF462870;

qqqq.   All right, title, and interest in a 2022 Tesla Model X with VIN 7SAXCBE55NF334011;

rrrr.   All right, title, and interest in a 2022 Tesla Model X with VIN 7SAXCBE63NF332038;

ssss.   All right, title, and interest in a 2022 Tesla Model Y with VIN 7SAYGDEF8NF393390;

tttt.   All right, title, and interest in a 2022 Tesla Model Y with VIN 7SAYGDEF9NF346935;

uuuu.   All right, title, and interest in a 2022 Volvo XC40 with VIN YV4ED3UB6N2684696;

vvvv.   A Hublot-brand watch described as a "Classic Fusion Chronograph Bracelet King Gold Full Pavé" bearing serial number 1503922.

3.   If any of the property described above, as a result of any act or omission of Defendant NEIL SURESH CHANDRAN:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## Money Laundering

1.   The allegations contained in Counts Four and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

2.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, Defendant NEIL SURESH CHANDRAN shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to

    a.      A forfeiture money judgment.

    b.      All right, title, and interest in the real property and appurtenances commonly known as 404 North Royal Ascot Drive, Las Vegas, Nevada 89144

    c.      All right, title, and interest in the real property and appurtenances commonly known as 9000 West Third Street #104, Los Angeles, California 90048.

3.      If any of the property described above, as a result of any act or omission of Defendant NEIL SURESH CHANDRAN:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

17

A TRUE BILL.

_____
FOREPERSON

     The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION

By: _____
     William E. Johnston
     Assistant Chief
     Tian Huang
     Trial Attorney, Fraud Section
     1400 New York Ave. NW
     Washington, D.C. 20530
     202-514-0687
     William.Johnston4@usdoj.gov

4:22 CR 3077

**SEALED**

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

```
FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 1 4 2022

OFFICE OF THE CLERK
```

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION

By: _____
William E. Johnston
Assistant Chief
Tian Huang
Trial Attorney, Fraud Section
1400 New York Ave. NW
Washington, D.C. 20530
202-514-0687
William.Johnston4@usdoj.gov

18